IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HAMILTON, | ) No. C 06-6268 CW (PR) |
| Plaintiff, | ) ORDER OF SERVICE AND |
| v. | ) REFERRING CASE TO PRO SE ) PRISONER SETTLEMENT PROGRAM |
| | ) (Docket nos. 3, 4) |
| S. ADAMIK, ET AL., | ) |
| Defendants. | ) |

INTRODUCTION

Plaintiff Bernard Hamilton, a state prisoner currently incarcerated at San Quentin State Prison (SQSP), has filed this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff has paid the full filing fee. Venue is proper in this district because the acts complained of occurred at SQSP, located in Marin County, which is within this judicial district. See 28 U.S.C. §§ 84(a), 1391(b).

BACKGROUND

On October 21, 2004, Plaintiff filed a prior civil rights action. See Hamilton v. Adamik, et al., No. C 04-4458 CW (PR). Upon initial review, the Court found cognizable Plaintiff's claims of (1) deliberate indifference to serious medical needs, in violation of the Eighth Amendment and (2) retaliation for filing grievances, in violation of the Fourteenth Amendment, against SQSP Physicians Williams and Donald Calvo; SQSP Sergeants Whitson and Lee; SQSP Correctional Officers Adamik, L. Shaeffer, and J. Nunez; SQSP Medical Technical Assistant (MTA) Lee, SQSP Acting Warden Jill

A. Brown and SQSP Appeals Coordinator W. Jeppeson.

On February 24, 2006, Defendants moved to dismiss Plaintiff's claims in Case No. C 04-4458 CW (PR), alleging that they were unexhausted because the pertinent administrative appeals were initiated prior to the date the complaint was filed but were not ruled upon at the final level of administrative review until after Plaintiff filed suit.

In an Order dated August 11, 2006, the Court granted Defendants' motion to dismiss the claims in Case No. C 04-4458 CW (PR) for failure to exhaust administrative remedies.

On October 4, 2006, Plaintiff filed the present action alleging the same allegations as his prior action. He alleges that he has exhausted all available administrative remedies with respect to each of his claims. In addition to Defendants Adamik, Whitson, Nunez, Williams, Calvo, Shaeffer, Jepperson, Brown, R. Lee and T. Lee, who were named in his prior action, Plaintiff also names the following as Defendants: SQSP Lieutenant G. Fuller; SQSP Nurse Barkley; and Chief of Inmate Appeals N. Grannis. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

Plaintiff has also filed a document entitled "Amendment and/or Supplement to the Complaint" (docket no. 3), which the Court will construe as a motion to amend the complaint. He moves to add a claim against the following additional Defendants: SQSP Senior Accounting Officer Larry Ward; SQSP Business Manager Terri McKay; and SQSP Acting Warden Robert L. Ayers, for failing to provide Plaintiff with a certified copy of the trust account statement to supplement his motion for leave to proceed in forma pauperis in 2004. However, the Court finds that this claim is not cognizable.

2

Plaintiff's 602 inmate appeal regarding this claim was reviewed at the first, second and Director's level, and each found that Plaintiff did not have a right to receive a certified trust account statement pursuant to SQSP's court filing process and procedure. Instead, the SQSP trust office completes the trust withdrawal forms and provides attachments, and then forwards the documents to the SQSP Litigation Coordinator's office. The inmate's counselor then provides the inmate with a <u>non-certified</u> copy of the trust account statement. Because there is no established prison procedure for providing inmates with <u>certified</u> copies of their trust account statements, the Court DENIES Plaintiff's motion to amend (docket no. 3) because he has failed to state a cognizable claim for relief against the aforementioned Defendants.

Finally, Plaintiff asks the Court to refer this action to the Pro Se Prisoner Settlement Program (docket no. 4).

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>Id.</u> § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting

3

under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Terracom v. Valley National Bank, 49 F.3d 555, 558 (9th Cir. 1995) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

DISCUSSION

I. Legal Claims

    A. Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059. A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for

4

medical treatment. Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)). A prison employee is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Because Plaintiff raises the same allegations as he did in his prior action, the following summary of pertinent facts is taken from the Court's Order granting Defendants' motion to dismiss in Case No. 04-4458 CW (PR):

> Plaintiff suffers from numerous serious medical conditions and has been treated by SQSP doctors for over twenty-three years. He has been treated for angina, hypertension, diabetes and neuropathy. He also suffers from obesity.
>
> SQSP Staff Physician T. Martin, D.O. issued a medical chrono in August, 2002 stating that it was medically necessary for Plaintiff to receive heat-risk relief with ice or a fan for the length of his stay. Plaintiff states that he had no problems receiving ice in his cell on East Block until August 10, 2004. Because Defendant Calvo, SQSP Health Care Manager, denied renewal of his heat-risk chrono in May, 2004, Plaintiff claims that Defendants repeatedly refused to provide him with ice even after he received a temporary heat-risk chrono on August 18, 2004.
>
> On more than one occasion after Defendants refused to provide him with ice, Plaintiff claims that he experienced severe symptoms of heat exhaustion, including nausea, sweating, dizziness and increased blood pressure. He was taken to the hospital for emergency treatment twice after such reactions. Plaintiff filed numerous appeals in response to these incidents.
>
> Plaintiff alleges that it was medically necessary for SQSP staff to comply with his heat-risk chronos, and that Defendants' denial of these accommodations has exacerbated the effects of the medications prescribed to treat or alleviate Plaintiff's various medical conditions.

(Aug. 11, 2006 Order in Case No. 04-4458 CW (PR) at 2-3.)

Liberally construed, Plaintiff has stated a cognizable claim

5

for deliberate indifference to his serious medical needs against Defendants Fuller, Calvo, Whitson, Adamik, Sergeant Lee, Nunez, MTA Lee, Shaeffer, Brown, Jeppeson, Grannis and Barkley for failing to provide the medically prescribed treatment for his condition.

B. Retaliation Claim

Plaintiff also claims that Defendants refused to honor his medical chrono for ice and a fan in retaliation for filing prison grievances.

Prisoners may not be retaliated against for exercising their right of access to the courts, Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995), which extends to established prison grievance procedures, Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

Liberally construed, Plaintiff has stated a cognizable retaliation claim against Defendants Fuller, Calvo, Whitson, Adamik, Sergeant Lee, Nunez, Williams, MTA Lee, Brown, Jeppeson and Grannis.

C. Equal Protection Claim

A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003).

Plaintiff alleges that all Defendants, with the exception of Defendant Sergeant Lee, violated his Fourteenth Amendment equal

6

protection rights by discriminating against him because he is black.  The Court finds that Plaintiff's allegations of racial discrimination are conclusory and ambiguous.  Thus, Plaintiff has not stated a cognizable equal protection claim.

Accordingly, Plaintiff's equal protection claim against Defendants Adamik, Whitson, Nunez, Williams, Calvo, Shweffe, Jepperson, Brown, MTA Lee, Fuller, Barkley and Grannis is DISMISSED.

## II.  Pro Se Prisoner Settlement Program

The Northern District of California has established a Pro Se Prisoner Settlement Program.  Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings.  The proceedings will consist of one or more conferences as determined by Magistrate Judge Nandor Vadas.  The conferences shall be conducted at San Quentin State Prison with Defendant(s) and/or the representative for Defendant(s) attending by videoconferencing if they so choose.

Good cause appearing, Plaintiff's request for this action to be referred to the Pro Se Prisoner Settlement Program (docket no. 4) is GRANTED, and the present case will be REFERRED to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program.  The proceedings shall take place within one-hundred twenty (120) days after the date of this Order. Magistrate Judge Vadas shall coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, within ten (10) days after the conclusion of the settlement proceedings, file with the Court a report regarding the settlement proceedings.

7

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's motion to amend his complaint (docket no. 3) is DENIED.

2.  Plaintiff has stated a cognizable claim for deliberate indifference to his serious medical needs against Defendants Fuller, Calvo, Whitson, Adamik, Sergeant Lee, Nunez, MTA Lee, Shaeffer, Brown, Jeppeson, Grannis and Barkley.

3.  Plaintiff has stated a cognizable retaliation claim against Defendants Fuller, Calvo, Whitson, Adamik, Sergeant Lee, Nunez, Williams, MTA Lee, Brown, Jeppeson and Grannis.

4.  Plaintiff's equal protection claim Defendants Adamik, Whitson, Nunez, Williams, Calvo, Shaeffer, Jepperson, Brown, MTA Lee, Fuller, Barkley and Grannis is DISMISSED.

5.  Plaintiff's request for this action to be referred to the Pro Se Prisoner Settlement Program (docket no. 4) is GRANTED. <u>The Clerk of the Court shall provide a copy of the court documents that are not available electronically, including a copy of this Order, to Magistrate Judge Vadas in Eureka, California.</u>

6.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to: <u>SQSP Lieutenant G. Fuller; SQSP Physicians Williams and Donald Calvo; SQSP Sergeants Whitson and Lee; SQSP Correctional Officers Adamik and J. Nunez; SQSP Medical Technical Assistant (MTA) Lee; SQSP L.</u>

<u>Shaeffer; SQSP Acting Warden Jill A. Brown; SQSP Appeals Coordinator W. Jeppeson; Chief of Inmate Appeals N. Grannis; and SQSP Nurse Barkley</u>.  The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

  7. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the

date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    8.   Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

        a.   No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

        b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to

10

>judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c.  If Defendants wish to file a reply brief, they shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

11

   d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  9. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  10. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

  11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

  12. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

  13. This Order terminates Docket nos. 3 and 4.

  IT IS SO ORDERED.

DATED:  9/24/07

*[signature: Claudia Wilken]*

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BERNARD HAMILTON,

        Plaintiff,

v.

OFFICER ADAMIK et al,

        Defendant.

Case Number: CV06-06268 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bernard Hamilton C-27300
San Quentin State Prison
San Quentin, CA 94964

Dated: September 24, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.06\Hamilton6268.srv&refVADAS.frm  13