IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BERNARD HAMILTON, | ) | No. C 06-6268 CW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | |
| | ) | (Docket no. 46) |
| | ) | |
| S. ADAMIK, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Bernard Hamilton, a state prisoner currently incarcerated at San Quentin State Prison (SQSP), has filed this pro se civil rights action under 42 U.S.C. § 1983.  On September 24, 2007, the Court issued its order of service, denied Plaintiff's motion to amend, and referred the case to Magistrate Judge Nandor Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program.  On February 7, 2008, a settlement agreement was reached by the parties.

Before the Court is Plaintiff's motion to reconsider the Court's denial of his motion to amend.[1]

---

[1] Plaintiff also requests the Court to vacate its September 24, 2007 Order dismissing his equal protection claim against Defendant Sergeant Lee; however, his request is DENIED as moot because all

In his motion to amend (docket no. 3), Plaintiff moved to add a claim against SQSP Senior Accounting Officer Larry Ward, SQSP Business Manager Terri McKay and SQSP Warden Robert L. Ayers for violating his constitutional right to access to the courts by failing to provide Plaintiff with a certified copy of the trust account statement and certificate of funds, which he needed for his in forma pauperis application in a previous action, Hamilton v. Adamik, et al., Case no. C 04-4458 CW (PR). (Mot. to Amend. at 3.) Plaintiff claimed that because Defendants Ward, McKay and Ayers failed to provide him with the requested documents, he "had to get his family to pay the filing fee." (Id.)

In its September 24, 2007 Order, the Court found that his claim was not cognizable, stating:

> Plaintiff's 602 inmate appeal regarding this claim was reviewed at the first, second and Director's level, and each found that Plaintiff did not have a right to receive a certified trust account statement pursuant to SQSP's court filing process and procedure. Instead, the SQSP trust office completes the trust withdrawal forms and provides attachments, and then forwards the documents to the SQSP Litigation Coordinator's office. The inmate's counselor then provides the inmate with a non-certified copy of the trust account statement. Because there is no established prison procedure for providing inmates with certified copies of their trust account statements, the Court DENIES Plaintiff's motion to amend (docket no. 3) because he has failed to state a cognizable claim for relief against the aforementioned Defendants.

(Sept. 24, 2007 Order at 2-3.)

In his motion for reconsideration, Plaintiff claims that the Court "did not give him an opportunity to show that [he] can prove

---

claims against Defendant Lee and the other named Defendants will be dismissed with prejudice pursuant to the settlement agreement in this action.

2

[his] claims against those aforementioned defendants nor to show that the process described by the court is not the procedure used by SQSP." (Mot. to Recons. at 1.) He adds that the Court "did not address the issue of 'Certificate of Funds.'" (Id.)

Prisoners have a constitutional right to be afforded "'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 351 (1996) (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). This right applies to prisoners' challenges to their convictions or sentences or their conditions of confinement. See id. at 355. Prison officials may not "actively interfer[e] with inmates' attempts to prepare legal documents or file them." Id. at 350 (citations omitted). In order to state a cognizable claim for denial of access to the courts, a prisoner must allege an actual injury. Id. at 349-50. Specifically, the prisoner must allege that interference by prison officials hindered his or her efforts to pursue a legal claim. Id. at 351. Even if the prisoner makes this showing, the denial of access claim will fail if the hindrance of the prisoner's access to court was reasonably related to legitimate penological interests. See id. at 361 (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).

The Court finds that Plaintiff's allegations in his motion for reconsideration fail to assert a cognizable claim of denial of access to the courts. The record shows that the complaint filed in Case No. C 04-4458 CW (PR) was dismissed for failure to exhaust his administrative remedies. After he exhausted his administrative remedies, Plaintiff filed the present civil rights case and, as mentioned above, all his claims will be dismissed pursuant to the

3

1  settlement agreement reached by the parties.  Plaintiff fails to
2  allege actual injury because Defendants Ward's, McKay's and Ayers's
3  actions did not hinder him from pursuing his legal claims in the
4  previous action, Case no. C 04-4458 CW (PR), and in this present
5  action.  Therefore, reconsideration of the Court's denial of
6  Plaintiff's motion to amend is not warranted because he has failed
7  to state a cognizable claim for relief against the Defendants Ward,
8  McKay and Ayers.
9      Accordingly, Plaintiff's motion for reconsideration (docket
10 no. 46) is DENIED.
11     This Order terminates Docket no. 46.
12     IT IS SO ORDERED.
13 DATED:   7/7/08
14                                  _____
                                    CLAUDIA WILKEN
15                                  United States District Judge

UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA

BERNARD HAMILTON,

    Plaintiff,

v.

OFFICER ADAMIK et al,

    Defendant.

Case Number: CV06-06268 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 7, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bernard Hamilton C-27300
San Quentin State Prison
San Quentin, CA 94964

Dated: July 7, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk