IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARD HAMILTON,   No. C 09-0648 CW (PR)

    Plaintiff,   ORDER DISMISSING PETITION WITH LEAVE TO AMEND

  v.

G. THOMPSON, et al.,

    Defendants.
_____/

## INTRODUCTION

Plaintiff, a state prisoner, filed a thirty page pro se civil rights complaint under 42 U.S.C. § 1983 on February 13, 2009, with thirty-six exhibits attached.  He then filed a thirty-eight page amended complaint with 222 numbered paragraphs on March 10, 2009.  He submitted forty-six exhibits with his amended complaint.  He has paid the full filing fee.

Venue is proper in this district because the events giving rise to the action occurred at San Quentin State Prison, which is located in this district.  See 28 U.S.C. § 1371(b).

The Court now conducts its initial review of the amended complaint pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id.

§ 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

It is exceptionally difficult to glean from the numerous paragraphs in Plaintiff's amended complaint what his claims are and what relief he seeks.  Within subsections on each of his administrative appeals, he fails to state succinctly what happened in each occurrence and what he would like the Court to do.  He instead narrates lengthy legal and factual arguments with no concise statement of the claims themselves.  For example, on page eighteen of his amended complaint, Plaintiff begins a subsection on a particular administrative appeal.  In the first paragraph within the subsection, paragraph 112, he outlines the legal work and art work in which he engages.  In paragraphs 114 and 115, he explains that he was moved to the Outpatient Housing Unit (OHU) without his materials.  In paragraph 115, he explains that he decided to refuse medical treatment in protest.  Then in paragraphs 115-121, he details each instance of which medical treatment he refused, what medical doctors advised him in response to his refusals, and the possible consequences of refusing a particular treatment.  In paragraphs 121-125, he quotes extensively from regulations dealing

2

1 | with prisoners' property.  This subsection continues for six pages,
2 | and is only one subsection of many, unnumbered subsections.
3 |     "The Federal Rules require that averments 'be simple, concise,
4 | and direct.'"  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir.
5 | 1996).  Prolix, confusing complaints such as the ones Plaintiff has
6 | filed in this case impose unfair burdens on litigants and the court
7 | and fail to perform the essential functions of a petition.  Cf. id.
8 | at 1179-80.  Accordingly, Plaintiff's amended complaint is
9 | DISMISSED with leave to amend in order to give Plaintiff the
10 | opportunity to file a simple, concise and direct complaint which
11 | states clearly and succinctly each claim he seeks to bring in
12 | federal court and explains how each claim was exhausted in the
13 | administrative review process.

## CONCLUSION

Plaintiff's amended complaint is DISMISSED with leave to amend.  The amended pleading must be on the Court's civil rights form and must include the caption and civil case number used in this Order -- No. C 09-0648 CW (PR) -- and the words SECOND AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within thirty (30) days of this Order will result in the dismissal of this action.

The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

IT IS SO ORDERED.

Dated:  11/19/09

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

P:\PRO-SE\CW\CR.09\Hamilton0648.DWLA(rule8).wpd     3

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BERNARD HAMILTON,

        Plaintiff,

  v.

G. THOMSON et al,

        Defendant.
                              /

Case Number: CV09-00648 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 19, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bernard Hamilton C-27300       w/CR form
San Quentin State Prison
San Quentin, CA 94964

Dated: November 19, 2009

                                     Richard W. Wieking, Clerk
                                     By: Sheilah Cahill, Deputy Clerk