IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD LEE HAMILTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. THOMSON, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. 09-00648 CW<br><br>ORDER FOR SERVICE OF SECOND AMENDED COMPLAINT AND GRANTING PLAINTIFF'S REQUEST FOR REFERRAL TO PRO SE PRISONER EARLY SETTLEMENT PROGRAM (DOC # 5) |

　　　On February 13, 2009, pro se Plaintiff Bernard Lee Hamilton, a state prisoner incarcerated at San Quentin State Prison (SQSP), filed a civil rights complaint against numerous defendants who are employed at SQSP.  On March 6, 2009, Plaintiff paid the $350.00 filing fee.  On March 13, 2009, Plaintiff filed an amended complaint.  On March 25, 2009, Plaintiff filed a request to refer his case to the Pro Se Prisoner Early Settlement Program.  On November 19, 2009, the Court issued an Order dismissing the complaint with leave to amend because the Court could not "glean from the numerous paragraphs in Plaintiff's amended complaint what his claims are and what relief he seeks."

　　　On December 11, 2009, Plaintiff filed a Second Amended Complaint (SAC).  In the SAC, he has followed the Court's order

that he "file a simple, concise and direct complaint which states clearly and succinctly each claim he seeks to bring in federal court."

I. Review Under 28 U.S.C. § 1915A(a)

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

According to the allegations in the SAC, Plaintiff is mobility impaired and disabled as defined by the Americans with Disabilities Act, 42 U.S.C.§ 12101 et seq. (ADA) and Defendants are aware of this. Nevertheless, on a number of occasions, Defendant G. Thomson insisted Plaintiff was not disabled and required him to stand at "count time," which Plaintiff was unable to do because of his disability. Defendant Thomson issued a number of rules violation reports against Plaintiff for his failure to stand at "count time."

Plaintiff appealed Thomson's disciplinary reports. As a result of that appeal, Defendants C.J. Henson and Robert Ayers filed a false, defamatory report against Plaintiff indicating that he did not stand at "count time" because Defendant Thomson is a woman and Plaintiff has a lack of regard for female authority figures.

Plaintiff is medically required to be on oxygen support twenty-four hours a day. It is medically necessary that his oximetry be monitored by computer. Plaintiff filed a previous case, Hamilton v. Adamik, No. C 06-6268 CW, regarding Defendants' failure to provide him with a computer. A settlement conference was held, with Magistrate Judge Nandor Vadas presiding. The parties reached an agreement whereby Defendant Tootell, Chief Medical Officer of SQSP, agreed to issue Plaintiff a permanent medical chrono allowing him to have a laptop computer. In exchange, Plaintiff agreed to dismiss the lawsuit with prejudice. However, Defendants never provided the laptop to Plaintiff. In 2007, Plaintiff filed an appeal again requesting that Defendants provide him with a laptop computer to use with his medical monitoring equipment. Various Defendants denied the appeal, although they were aware that Plaintiff needed the laptop computer for his serious medical needs and that the settlement agreement of case number C 06-6268 CW required them to provide him with a computer. Magistrate Judge Vadas conducted a second settlement conference between Plaintiff, Defendant Tootell and Defendant's counsel. Defendant Tootell again admitted that the laptop was medically necessary and agreed to issue Plaintiff a permanent medical chrono for the laptop computer, which she did. However,

3

1  Plaintiff never received the laptop computer and, on December 5,
2  2008, Defendant Tootell rescinded the chrono for it.  On January
3  19, 2009, Plaintiff appealed that decision.  As a result of
4  Defendant Tootell's actions, Plaintiff suffered further medical
5  complications and, on September 29, 2009, he nearly died from these
6  complications.
7       On July 15, 2009, Plaintiff refused to leave his cell when
8  requested because he did not have his medically necessary oxygen
9  support.  Defendant Chan issued a rules violation report based on
10 Plaintiff's refusal to comply with orders to leave his cell.
11 Defendant Trujillo reprimanded Plaintiff for not complying with
12 orders to leave his cell and stated that Plaintiff is not so sick
13 as to require oxygen support.
14      Based on these allegations, Plaintiff states the following
15 cognizable claims: (1) violations of the ADA; (2) retaliation under
16 the ADA; (3) violation of the First Amendment based on retaliation
17 for filing appeals of disciplinary reports; (4) violation of the
18 Eighth Amendment for deliberate indifference to his serious medical
19 needs; and (5) breach of contract based on the agreement settling
20 case number C 06-6268 CW.
21      Plaintiff fails to state a claim for violation of his rights
22 under the Fourteenth Amendment because he has not stated that he is
23 a member of a protected class or that any Defendant discriminated
24 against him based upon his membership in a protected class and he
25 has not stated how any Defendant violated his right to due process
26 of law.  Plaintiff also fails to state a claim for defamation.  See
27 Paul v. Davis, 424 U.S. 693, 701-710 (1976) (damage to reputation
28                                  4

is not actionable under § 1983 unless it is accompanied by "some more tangible interests."); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (no federal subject matter jurisdiction over claim of slander by state actor because no violation of federal right). To state a claim for defamation under § 1983, a plaintiff must allege loss of a recognizable property or liberty interest in conjunction with the allegation of injury to reputation. Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991). Plaintiff has failed to state facts alleging that he lost a recognizable property or liberty interest as a result of Defendants' defamatory statements.

Defamation is also a state tort claim. The Court may adjudicate state tort claims only through supplemental jurisdiction, which is discretionary, and should only be used to promote judicial economy or convenience. 28 U.S.C. § 1367; United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). The Court declines to exercise supplemental jurisdiction over Plaintiff's state law defamation claim because it does not appear to be related to his federal claims.

II. Pro Se Prisoner Settlement Program

The Northern District of California has established a Pro Se Prisoner Settlement Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. Good cause appearing, Plaintiff's request for a referral of this action to the Pro Se Prisoner Settlement Project (Docket # 5) is granted, and the present case will be REFERRED to Magistrate Judge Nandor Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program. The proceedings will

5

consist of one or more conferences as determined by Magistrate Judge Vadas. The conferences shall be conducted at SQSP with Plaintiff and Defendants or representatives for Defendants.

The proceedings shall take place within ninety (90) days after the date of this Order; or as soon thereafter as is convenient to Magistrate Judge Vadas' calendar. Magistrate Judge Vadas shall coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, within ten (10) days after the conclusion of the settlement proceedings, file with the Court a report regarding the settlement proceedings.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has stated cognizable claims for: (1) violations of the ADA; (2) retaliation under the ADA; (3) violation of the First Amendment based on retaliation for filing appeals of disciplinary reports; (4) violation of the Eighth Amendment for deliberate indifference to his serious medical needs; and (5) breach of contract based on the agreement settling case number C 06-6268 CW.

2. Plaintiff's federal equal protection and defamation claims are DISMISSED. The state defamation tort is dismissed without prejudice to refiling in state court.

3. Plaintiff's request for this action to be referred to the Pro Se Prisoner Settlement Program (docket no. 5) is GRANTED.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver

6

of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to: G. Thomson, S. Odom, E. Berke, Robert Ayers, J. Arnold, J. Hill, D. Padilla, C. Hammond, B. Sullivan, E. Allen, Michael Henson, N. Grannis, N. Podolsky, C. Dole, J. Clark, T. Jackson, E. Tootell, T.N. Falconer, D. Matteson, R. Chan, Robert Wong, and A. Trujillo.  The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

    5.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked

7

to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

  6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

    a. No later than <u>ninety (90) days</u> from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

    b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is

8

filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

<u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files

9

his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

       c.  If Defendants wish to file a reply brief, they shall do so no later than <u>thirty (30) days</u> after the date Plaintiff's opposition is filed.

       d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    7.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

    8.  All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    9.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

    10.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time

10

must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

    11.   This Order terminates Docket no. 5.

    IT IS SO ORDERED.

Dated: 3/18/2010

                                  CLAUDIA WILKEN
                                  United States District Judge

cc: NJV; Wings

11

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BERNARD HAMILTON,

        Plaintiff,

v.

G. THOMSON et al,

        Defendant.

Case Number: CV09-00648 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 18, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bernard Hamilton C-27300
San Quentin State Prison
San Quentin, CA 94964

Dated: March 18, 2010

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

12