IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HAMILTON,<br><br>    Plaintiff,<br><br>  v.<br><br>G. THOMSON, et al.,<br><br>    Defendants.                    / | No. C 09-00648 CW (PR)<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE CURRENT ADDRESS NECESSARY TO LOCATE DEFENDANT C. DOLE |

Plaintiff, a state prisoner, filed the present pro se prisoner complaint under 42 U.S.C. § 1983. The Court issued an Order of Service.

Service has been ineffective on Defendant C. Dole because he is no longer employed by San Quentin State Prison (SQSP). The Court has been informed that the SQSP litigation coordinator has been "unable to locate any information" regarding Defendant Dole's last known address.

Plaintiff is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a pro se litigant must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the

marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information or because the defendant is not where the plaintiff claims, and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why claims against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); see also Del Raine v. Williford, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to effect timely service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

Service on Defendant Dole has been attempted and has failed.

IT IS HEREBY ORDERED THAT within thirty (30) days of the date of this Order, Plaintiff must provide the Court with a current address, necessary to locate Defendant Dole. Failure to do so shall result in the dismissal of all claims against Defendant Dole. If Plaintiff provides the Court with a current address, service shall again be attempted. If service fails a second time, all claims against Defendant Dole shall be dismissed.

IT IS SO ORDERED.

Dated: 5/12/2010

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BERNARD HAMILTON,

        Plaintiff,

v.

G. THOMSON et al,

        Defendant.

Case Number: CV09-00648 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 12, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bernard Hamilton C-27300
San Quentin State Prison
San Quentin, CA 94964

Dated: May 12, 2010

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

3