IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERNARD HAMILTON,

    Plaintiff,

 v.

G. THOMSON, et al.,

    Defendants.
                             /

No. C 09-00648 CW (PR)

ORDER DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANT C. DOLE

    Plaintiff, a state prisoner, filed the present pro se prisoner complaint under 42 U.S.C. § 1983. The Court issued an Order of Service.

    Defendant C. Dole has not been served in this action. The Court has been informed that the litigation support unit at the California Department of Corrections and Rehabilitation, Prison Health Services has been unable to locate Defendant Dole even after making "several diligent attempts to locate the named defendant through our Department's Human Resources Unit, Contractor Unit, and the Medical Department at California State Prison - San Quentin." (Letter from Cynthia Kerr dated July 21, 2010 at 1.) Cynthia Kerr from the litigation support unit further stated, "We were advised by each of these offices that there is no one by this name employed in this Department." (Id.)

    Plaintiff is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a pro se litigant must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information or because the defendant is not where the plaintiff claims, and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal. See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why claims against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); see also Del Raine v. Williford, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good cause for failing to effect timely service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

In an Order dated May 12, 2010, the Court informed Plaintiff the service had been ineffective on Defendant Cole and directed Plaintiff to provide the Court with a current address, necessary to locate Defendant Cole within thirty days of the Order. Thirty days have passed, and Plaintiff has failed to provide the Court with the current address of Defendant Dole.

2

Accordingly, all claims against Defendant Cole are DISMISSED without prejudice under Rule 4(m).

IT IS SO ORDERED.

Dated: 11/24/2010

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BERNARD HAMILTON,

        Plaintiff,

v.

G. THOMSON et al,

        Defendant.

Case Number: CV09-00648 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 24, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Bernard Hamilton C-27300
San Quentin State Prison
San Quentin, CA 94964

Dated: November 24, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

4