IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HAMILTON,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER ADAMIK, et al.,<br><br>    Defendants.<br>_____/ | No. C 06-06268 CW (PR)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL; DIRECTING CLERK OF THE COURT TO PROVIDE A COPY OF THIS ORDER TO MAGISTRATE JUDGE VADAS<br><br>(Docket no. 172) |

    On March 26, 2012, the Court granted Plaintiff's motion for reconsideration of the order dismissing this action pursuant to the terms of a settlement agreement reached by the parties. The Court reopened the case and referred it to Magistrate Judge Nandor Vadas, "for further proceedings to determine whether the settlement agreement has been breached and/or whether further Court action is required to ensure compliance with the terms of the settlement agreement." Order at 3:3-7.

    On May 1, 2012, Magistrate Judge Vadas scheduled a telephonic hearing on Plaintiff's motion alleging breach of the settlement agreement. The hearing is set for July 18, 2012; Defendants' response brief is due June 12, and Plaintiff's reply brief is due July 3. Docket no. 171.

    Plaintiff has filed a motion for the appointment of counsel to represent him in further proceedings in this matter because he is concerned that he will not be able to meet the deadlines scheduled by Magistrate Judge Vadas because of upcoming medical appointments.

    There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he

loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court, however, may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Rand, 113 F.3d at 1525. Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

    The Court finds that exceptional circumstances entitling Plaintiff to court appointed counsel do not exist at this time. The likelihood of Plaintiff's success on the merits cannot be ascertained at this stage of the proceedings, and he has articulated his claims more than adequately. Accordingly, the request for appointment of counsel is DENIED without prejudice. Plaintiff shall keep Magistrate Judge Vadas and Defendants' counsel apprised of any ongoing scheduling concerns.

    The Clerk of the Court shall provide a copy of this Order to Magistrate Judge Vadas.

    This Order terminates Docket no. 172.

    IT IS SO ORDERED.

Dated: 5/24/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE