Bernard Hamilton, C-27300
San Quentin Prison
San Quentin, CA 94964

Plaintiff in Pro Per

**FILED**

JUL 27 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

United States District Court

Northern District of California

Bernard Hamilton,
    Plaintiff,

v.

Officer Adamik, et al.;
    Defendants.

Case No. C-06-06268-CW(NJV)

Declaration of Bernard Hamilton in Opposition to Defendants' Motion to Reschedule Hearing Date; or As An Alternative, Plaintiff's Request to Extend Deadline to August 1, 2012 to Respond to Defendants' Motion

I, Bernard Hamilton, declare as follow:

I am the Plaintiff herein and I am incarcerated at San Quentin State Prison (SQSP). On May 1, 2012 a telephone conference was held between the parties with Magistrate Judge Nandor Vadas. At that time, Judge Vadas set a hearing date for Defendants to be heard on their motion on July 13, 2012. Defendants requested the Judge for a later date to file their brief. That request was granted and the new date became June 12, 2012. However, the Defendants missed that deadline and, two days

later, the Defendants requested an extension of time to file their brief and requested re-scheduling of the hearing date. Defense counsel claimed that he had inadvertantly calendared in the wrong date of the deadline to file the brief and that Dr Tootell had not been available. That request was granted and the hearing date was re-set for August 27, 2012.

On July 12, 2012 Defense Counsel has filed motion to reschedule the present hearing date from August 14, 2012 to August 17, 2012 because he states:

"In further reviewing this order and file in preparation for that hearing, I recognized that the hearing date conflicts with a previously scheduled personal commitment."

(Page 2, Declaration of Defense Counsel)

Defense counsel's declaration also states that I will not be prejudiced by the rescheduling, and that I cannot be easily contacted to obtain a stipulation to extension of time.

Defense Counsel is clearly disingenuous. The date of the hearing is August 14, 2012 and more than a month away. Therefore, there is no difficulty in counsel contacting me to seek a stipulation. He did not do so because he knew I would object to it because I am prejudiced by changing the date. Defense Counsel and Defendants know that my health is fragile and I am at risk of sudden death. They also

that the ice they agreed to permanently provide has been stopped and is part of the subject of the upcoming hearing. The stoppage of that ice has caused me to suffer great physical pain and heat surges that is dangerous to my multiple medical problems that Defendants know that I do have.

Since 2008, I have been requesting Defendants to comply with the agreement to allow me a laptop. Their motion to enforce the agreement is without merit and is made only to vex, harass, embarass me, and to extend the length of my pain and suffering for as long as they can. The Defense Counsel has not shown good cause for rescheduling the hearing, and I do object to the rescheduling.

On the other hand, my response to the Defendants' motion to enforce the settlement requires me to obtain documents from my medical file that I have requested and still have not received from SQSP's Medical Records Office. So, I may need a few days beyond my present due date of July 27, 2012 to file my response. I have no objection to the Defendants motion to reschedule the hearing date if I am given until August 1, 2012 to file my response to the Defendants motion to enforce the settlement.

I declare under penalty of perjury that the foregoing is true.

Executed _July 13, 2012_ at _San Quentin, Calif._

Signed _[signature]_
BERNARD HAMILTON, PLAINTIFF IN PRO PER.

- 3 -